# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
## Richmond Division

UNITED STATES OF AMERICA
v.

STUART JAY ANDERSON,
    Defendant.

Case Number: 3:19CR00178-001

USM Number: 94053-083

Defendant's Attorney: Eugene V. Gorokhov, Esq.

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Criminal Information.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. § 1349 | CONSPIRACY TO COMMIT WIRE FRAUD | Felony | 3/27/2019 | 1 |

As pronounced on December 3, 2020, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

                                      /s/
                  Henry E. Hudson
                  Senior United States District Judge

Dated: Dec. 7, 2020

Case Number: 3:19CR00178-001
Defendant's Name: ANDERSON, STUART JAY

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FORTY-EIGHT (48) MONTHS.

The Court makes the following recommendations to the Bureau of Prisons:
   Designate the Defendant to FPC Yankton.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons by 2:00 p.m. on February 10, 2021. If no designation has been made by that date, the defendant shall report to office of the U.S. Marshal in Richmond, Virginia.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By

_____
DEPUTY UNITED STATES MARSHAL

Case Number: 3:19CR00178-001
Defendant's Name: ANDERSON, STUART JAY

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number:        3:19CR00178-001  
Defendant's Name:   ANDERSON, STUART JAY

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with costs to be paid by the defendant, all as directed by the probation officer.

2) The defendant shall provide the probation officer access to any requested financial information.

3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4) The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, settlements, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the Court, upon the recommendation of the probation officer.

5) The defendant shall pay the balance owed on any court-ordered financial obligations in installments of not less than $150.00 per month, starting 60 days after supervision begins until paid in full.

Case Number:        3:19CR00178-001
Defendant's Name:   ANDERSON, STUART JAY

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Page 6.

|         | Count | Assessment | Fine   | Restitution    |
|---------|-------|------------|--------|----------------|
|         | 1     | $100.00    | $0.00  | $5,715,578.21  |
| TOTALS: |       | $100.00    | $0.00  | $5,715,578.21  |

## FINES

No fines have been imposed in this case.

## RESTITUTION

The defendant must make restitution (including community restitution) to the following payees in the amount listed below. If defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. Section 3664(I), all nonfederal victims must be paid before the United States is paid.

See *Restitution Order* entered by the Court on December 3, 2020 for a list of victims and the amounts owed to each.

**TOTAL RESTITUTION DUE:**   $5,715,578.21

Payments of Restitution are to be payable to Clerk, U.S. District Court.

Case Number:        3:19CR00178-001
Defendant's Name:   ANDERSON, STUART JAY

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and restitution shall be due in full immediately.

Interest on the restitution is waived. On any unpaid balance, the defendant shall pay to the Clerk at least $150.00 per month beginning 60 days from the inception of supervised release. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

The defendant shall forfeit the defendant's interest in the following property to the United States:
   See *Consent Order of Forfeiture* entered by the Court on January 14, 2020.